## Case No. 8,821.

### In re MACINTIRE.

[1 Ben. 277; [1] 1 N. B. R. 11; Bankr. Reg. Supp. 3.]

District Court, S. D. New York. July 19, 1869.

EXAMINATION OF BANKRUPT — FEES OF REGISTER.

1. Where, at the first meeting of a bankrupt's creditors, notice was given on behalf of a creditor, of an application to be made next day for an order for the examination of the petitioner, and the application was made pursuant to notice, whereupon the register proposed to grant the order on payment by the creditor of one dollar as his fee, and on request certified the question to the court whether the creditor must pay any and what fees: *Held*, that the proposed fee to the register is not provided for by the act [of 1867 (14 Stat. 517)], nor by the general orders in bankruptcy, unless it is covered by the words in rule 30, "For every order made where notice is required to be given, &c."

2. These words apply to cases where previous notice is required to be given to an adverse party of the application for the order, before the order can be made.

3. Under the 26th section of the act, no notice is required to be given of an application to a register by a creditor for the examination of a bankrupt.

4. The examination is not a "meeting" under section 47 of the act, that word in the act always meaning a meeting of creditors.

5. The register is not entitled to the fee of one dollar for making the order in question, nor to any fee for that service.

6. Where a creditor applies for an order for the examination of a bankrupt, he must pay to the register the fees allowed by law for taking the bankrupt's depositions, both on the direct and cross-examination, and the register is not obliged to look in the first instance to the bankrupt, or to the fifty dollars deposited, or to the estate.

[In the matter of James Macintire, a bankrupt.]

In this case a register in bankruptcy certified that the first meeting of creditors was held July 11th, at which notice was given of an application next day for an order to examine the petitioner on behalf of a creditor, and the meeting was duly adjourned to July

12th. On that day, the petitioner attending, a creditor who had filed proof of his claim applied for an order, in pursuance of said notice, for the examination of the petitioner on behalf of the creditor at that time, the petitioner not objecting to the time, but insisting that the creditor must pay the register's fees for the order. The creditor refused to pay any fees, insisting that they must be paid out of the deposit of fifty dollars made by the petitioner with the clerk. The register proposed to grant the order on payment by the creditor of one dollar as the proper fee. At the request of the creditor the register certified the question for the decision of the court. The register, in his certificate, referred to that portion of the fourth section of the bankruptcy act, which provides that the fees of the registers, as established by the act, and by the general rules and orders required to be framed under it, shall be paid to them by the parties for whom the services may be rendered in the course of proceedings authorized by the act. He also referred to that part of rule 29 of the general orders in bankruptcy which provides that the fees of the register shall be paid or secured in all cases, before he shall be compelled to perform the duties required of him by the parties requiring such service. He also stated it to be his opinion that the granting of the order for the examination of the bankrupt having been required by the creditor and not by the bankrupt, the former and not the latter ought to pay the fees for the order. On the part of the creditor it was claimed, that such fees as are connected with the personal examination of the bankrupt are governed by the 47th section of the act; that that section says that such fees shall be paid out of the estate, and have priority over all other claims; that the court may, under rule 29 of the general orders in bankruptcy, exercise its discretion as to the payment of the whole or a part of the fees out of the fund in court; but that, without such direction from the court, the register must look to the fund in court for his fees in such a case as the present; [that the bankrupt is compelled by that section to deposit fifty dollars for that purpose; that that section contemplates that the services of the register in the examination of the bankrupt are services required by the bankrupt, and not by the creditor; that under the 47th section, the register was entitled to charge three dollars for the adjourned meeting of creditors on the 12th of July, such fee to be paid by the bankrupt; that such fee was the only fee the register had a right to charge, there being no provision by which he could exact one dollar from the creditor for entering an order for the examination of the bankrupt; that no such order was required; that there are services of the register specified in the 4th section of the act, which may be required of a creditor, and for which he should pay; but that the act does not contemplate that a

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

creditor shall pay for the register's services in examining the bankrupt for the purpose of seeing whether he has made a proper exhibit of his affairs, when he calls a meeting of his creditors for that purpose; that under the 47th section the bankrupt must pay the register for that service, the three dollars for the meeting of creditors, and also the fees allowed by law for taking his deposition; that section 26 of the act requires the bankrupt at all times to attend and submit to an examination on oath upon all matters relating to the disposal of his property, &c.; that the fees for such examination are provided for by section 47 of the act. The views urged for the creditor are thus fully stated, in order that it may be seen that the question has been considered by the court in all its aspects.] [2]

BLATCHFORD, District Judge. The fee of one dollar proposed to be charged by the register in this case, for making the order for the examination of the bankrupt, is not provided for by the act, and is not at all provided for unless it is covered by the following provision of rule 30 of the general orders in bankruptcy, under the head of "Fees to the Register": "For every order made where notice is required to be given, and for certifying copy of the same to the clerk, one dollar." This provision allows a fee of one dollar for making an order and for certifying a copy of the same to the clerk, in a case where previous notice is required to be given to an adverse party of the application for the making of the order, before the order can be made. That this is the meaning of that provision of rule 30 of the general orders is shown by the language of rule 8 of the general orders. In the present case no notice was required to be given to any party of the application for the order for the examination of the bankrupt, before the order could be made. By the 26th section of the act it is provided, that the court may at all times require the bankrupt, upon reasonable notice, to attend and submit to an examination on oath upon all matters relating to the disposal or condition of his property, &c. An order requiring the bankrupt so to attend and be examined, and service of such order on him a reasonable length of time previously, are necessary; and the form of such order is prescribed by form No. 45 of the forms specified in the schedules annexed to the general orders in bankruptcy. But no previous notice is required to be given to any person of the application to the register by the creditor for the making of the order. It is to be made ex parte, on the application of the creditor. It may also, under section 26 of the act, be made by the register ex parte, on the application of the assignee, or by the register on his own suggestion, without any application. The register was, therefore, not enti-

tled to charge any fee for making the order in this case. There are many specific services which must be rendered by the registers, and for which no specific fee is provided either by the act or the general orders in bankruptcy. Their compensation for such services is covered by the specific fees which are enumerated in the act and the general orders. Thus, the register receives two dollars for issuing a warrant, but no specific fee is provided for the adjudication of bankruptcy, form No. 5, which the register must make before he can issue the warrant. He receives compensation for making the adjudication, in the fee of two dollars which he receives for issuing the warrant. That fee of two dollars is a fee for doing everything (a fee for which is not otherwise specially provided) which results in the issuing of the warrant; and no specific fee is provided for the service of examining the bankrupt's petition and schedules, when such examination results in the withholding of the adjudication of bankruptcy. So, also, the fee of three dollars to the register for an order for a dividend covers all his services, not otherwise provided for, which result in the making of the order for the dividend; and the fee of two dollars to the register for every discharge, when there is no opposition, covers all his services, not otherwise provided for, which result in the granting of the discharge. The making of the order in this case for the examination of the bankrupt, not having any fee specially attached to it, must be considered as compensated by some one or more of the fees which are enumerated.

The fee of one dollar for the order cannot be considered as authorized by the provision of the 47th section, which gives a fee of one dollar for "every application for any meeting in any matter" under the act. The word "meeting," wherever used in the 47th section and elsewhere in the act, means a meeting of creditors such as is spoken of in the 12th, 27th, and 28th sections. The application by the creditor for the order for the examination of the bankrupt cannot be regarded as an application for a meeting of creditors.

As the register was bound to make the order asked for without requiring the payment by the creditor, or any other person, of any specific fee for such order, this decision might properly go no farther than to dispose of that point. But, in view of the positions urged by the counsel for the creditor, it is deemed proper to lay down the following proposition, which is applicable to this case, namely—that where a creditor applies, under section 26 of the act, for an order for the examination of the bankrupt, the creditor must pay to the register the fees allowed by law for taking the deposition of the bankrupt, not only for his direct examination, but for his cross-examination, if any, and the register is not required to look in the first instance for such fees to the bankrupt, or to

[2] [From 1 N. B. R. 11.]

the fifty dollars deposited by him, or to the bankrupt's estate.

[Whether such fees shall ultimately be paid out of the estate, will be a question for consideration hereafter. The clerk will make a certificate of this decision to the register, Edgar Ketchum, Esq.] [1]